IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MILES THOMAS,<br><br>          Plaintiff,<br><br>     vs.<br><br>THOMAS WILLIAMS, *et al.*,<br><br>          Defendants. | Civil No. 25-00118 MWJS-KJM<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, DISMISSING COMPLAINT, DEFERRING DECISION ON LEAVE TO AMEND, AND DENYING MOTION FOR APPOINTMENT OF PRO BONO COUNSEL |

## INTRODUCTION

On March 17, 2025, pro se Plaintiff Miles Thomas filed a complaint against the Queen's hospital (officially, the Queen's Medical Center) and several of its doctors and employees, Thomas Williams, Joanne Caddali, and Nicholas Maurico.  ECF No. 1. Thomas also applied to proceed in forma pauperis (IFP), that is, without prepayment of fees or security, ECF No. 2, and moved for the appointment of pro bono counsel, ECF No. 5.  In considering an IFP application, the Court must screen the complaint and, among other things, ensure that it states a claim upon which relief can be granted.

Because Thomas has sufficiently demonstrated an inability to pay court fees, the Court GRANTS his IFP application.  In its current form, however, Thomas' complaint fails to state a claim for relief.  The Court therefore DISMISSES the complaint.  The Court DEFERS decision on whether to grant leave to amend, and it invites Thomas to

submit a letter explaining how he would cure the identified deficiencies.  Any such letter must be filed by May 8, 2025, and comply with the guidance below.  Finally, for the reasons explained below, the Court DENIES the motion for appointment of counsel.

## DISCUSSION

### A.    Thomas' In Forma Pauperis Application

Under 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by persons who submit an affidavit demonstrating an inability to pay.  Section 1915(a) does not require an IFP applicant to demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), but they must "allege poverty with some particularity, definiteness and certainty," *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (cleaned up).  An affidavit is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life."  *Id.* (citing *Adkins*, 335 U.S. at 339).

The Court finds that Thomas has made the required showing of an inability to pay under § 1915(a).  In the IFP application, Thomas states that his only source of income is public assistance (such as welfare), totaling $894.00 a month.  ECF No. 2, at PageID.10-11.  Thomas' monthly expenses, on the other hand, include housing,[1] $894.00

---

[1]    It appears that Thomas listed his housing expenses here as $12,500.00, *see* ECF No. 2, at PageID.13, but in other IFP applications that Thomas filed in other cases around the same time as this one, Thomas listed his housing expenses as $1,250.00 (or once as $125.00).  *See, e.g., Thomas v. Rev Limit Auto Ctr.*, No. 25-cv-00120 (D. Haw.

for food, $160.00 for laundry, $120.00 for transportation, and $575.00 for "child

support." *Id.* at PageID.13-14. In total, then, Thomas' monthly expenses significantly

outweigh his income. Thomas further states that he does not have access to any assets

aside from one savings bond. *Id.* at PageID.11.

Based on the information Thomas provided, the Court finds that he has

demonstrated a current inability to pay court fees while still affording the necessities of

life. The Court therefore GRANTS Thomas' IFP application.

**B.    Screening of Thomas' Complaint**

Because Thomas asks to proceed in forma pauperis, the Court must screen the

complaint. *See* 28 U.S.C. § 1915(e)(2). Thomas is a pro se litigant, and so the Court

liberally construes his pleadings. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.

2012). The Court is nonetheless required to dismiss claims or complaints that are

frivolous, malicious, fail to state a claim for relief, or seek damages from defendants

who are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122,

1126-27 (9th Cir. 2000) (en banc).

Dismissal is required here because Thomas' complaint fails to state a claim upon

which relief can be granted. In evaluating whether a complaint fails to state a valid

_____

Mar. 17, 2025), ECF No. 2; *Thomas v. Spectrum*, No. 25-cv-00125 (D. Haw. Mar. 18, 2025),
ECF No. 2; *Thomas v. Chock*, No. 25-cv-00129 (D. Haw. Mar. 18, 2025), ECF No. 2. It
therefore appears that Thomas erroneously added a "0" to his housing costs in his IFP
application in this case. Regardless of which of these figures is in error, though,
Thomas' expenses exceed his income.

claim for screening purposes, courts generally apply the pleading standards in Rule 8 of

the Federal Rules of Civil Procedure.  *See Watison*, 668 F.3d at 1112; *Zixiang Li v. Kerry*,

710 F.3d 995, 998-99 (9th Cir. 2013).  Under Rule 8, a complaint must include a "short

and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2).  To show an entitlement to relief, however, it is not enough for a

complaint to allege "labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007).  Rather, the complaint's "[f]actual allegations must be enough to raise a right

to relief above the speculative level."  *Id.*

Thomas' factual allegations are sparse.  The complaint appears to arise from a

visit to Queen's hospital on March 3, 2023.[2]  ECF No. 1, at PageID.4.  During that visit,

Thomas alleges that Queen's doctors, Williams and Maurico, "falsified [his] medical

records, by saying the[y] gave test they did not do."  *Id.*  Thomas alleges that in doing

so, the doctors "commit[ed] patient abuse, healthcare fraud, failure to report, [medical

---

[2]      While not alleged in the relevant complaint here, a complaint filed by Thomas in
another case around the same time as this one provides some context for his visit to
Queen's on March 3, 2023:  it alleges that Thomas visited Queen's after suffering an
"over 12 foot fall" where he "landed on [his] neck and shoulder."  *Thomas v. Chock*, No.
25-cv-00129 (D. Haw. Mar. 18, 2025), ECF No. 1, at PageID.4.

Thomas also attaches to the complaint in this case a copy of electronic messages
with an unidentified individual named "Michele," in which she says that Thomas
fractured his clavicle, would need a sling, and that any fracture would be "best found
by X-rays rather than MRI[]s."  ECF No. 1, at PageID.6.  Michele then goes on to ask
Thomas why "they [haven't] booked surgery," and he responds, "[t]hey been covering
it up because I can sue for billions" and that "they" are "racist."  *Id.* at PageID.7.

4

malpractice], negligence, [and] intentional infliction of emotional distress." *Id.*

(capitalizations omitted).  And he alleges that the third Defendant, Caddali, signed off

on these "lies." *Id.*  Thomas states that he was "supposed to be hospitalized a long time

ago." *Id.*  As relief, Thomas seeks $229 million in damages.  *Id.* at PageID.5.

Thomas cites several federal statutes in the complaint, including the Federal Tort

Claims Act, False Claims Act, Health Insurance Portability and Accountability Act, and

42 U.S.C. § 1983.  *Id.* at PageID.3, 5, 9.  The complaint does not state a claim under any of

these laws.

First, the Federal Tort Claims Act, or FTCA, authorizes plaintiffs to sue the

United States for claims against federally funded health centers.  *See* 42 U.S.C. § 233(g).

Thomas does not, however, allege that Queen's is a federally funded health center as

defined in 42 U.S.C. § 254b.  Nor does he name the United States as a defendant.  *See*

*Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (1998) (noting that "the United States is

the only proper party defendant in an FTCA" case).  And he does not allege exhaustion

of his administrative remedies, which is a jurisdictional requirement that cannot be

waived.  *Wiley v. Vea*, Civ. No. 19-00195, 2019 WL 3225703, at *5 (D. Haw. July 17, 2019).

Even if Thomas had met these initial requirements, he does not provide enough

factual detail to state any tort claim.  Under the FTCA, the United States is liable in the

same manner and to the same extent that a private hospital would be subject to suit.  28

U.S.C. § 2674; *see also Panion v. United States*, 385 F. Supp. 2d 1071, 1088-89 (D. Haw.

Aug. 16, 2005).  Liability is determined under the law of the state where the alleged tort

occurred.  28 U.S.C. § 1346(b)(1).  To state a negligence claim in Hawaiʻi, a plaintiff must

show (1) the existence of a duty or obligation, recognized by law, requiring the

defendant to conform to a certain standard of conduct, for the protection of others

against unreasonable risks; (2) a breach of the duty, that is, a failure to conform to the

required standard; (3) a reasonably close causal connection between the breach and the

resulting injury; and (4) actual loss or damages.  *Panion*, 385 F. Supp. 2d at 1089; *see also*

*Takayama v. Kaiser Found. Hosp.*, 82 Hawaiʻi 486, 498-99, 923 P.2d 903, 915-16 (1996).  And

the tort of intentional infliction of emotional distress requires a plaintiff to show

"(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act

was outrageous, and (3) that the act caused (4) extreme emotional distress to another."

*Enoka v. AIG Haw. Ins. Co.*, 109 Hawaiʻi 537, 559, 128 P.3d 850, 872 (2006).

 While Thomas alleges that the doctors "falsified [his] medical records, by saying

the[y] gave test they did not do," ECF No. 1, at PageID.4, he does not provide any

further level of detail about these events.  He does not explain, for example, what test

the doctors failed to administer, why he believes that the test was not administered,

why he believes such test was necessary (if he indeed believes it was), or how the

doctors' failure to administer the test and/or hospitalize Thomas injured him physically

or emotionally.  Nor does he provide enough information to establish that the doctors

acted intentionally or recklessly, or that their conduct was without just cause or excuse

and beyond all bounds of decency.  *See Enoka*, 109 Hawai'i at 559, 128 P.3d at 872 ("The term 'outrageous' has been construed to mean 'without just cause or excuse and beyond all bounds of decency.'" (citation omitted)).  Any tort claims, including those asserted under the FTCA, are therefore DISMISSED without prejudice.

Second, the False Claims Act, or FCA, imposes significant civil liability on persons who defraud the federal government.  *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 180 (2016); *see also Winter ex rel. United States v. Gardens Reg'l Hosp. & Med. Ctr., Inc.*, 953 F.3d 1108, 1114 (9th Cir. 2020).  The Act "allows private plaintiffs to enforce its provisions by bringing a *qui tam* suit on behalf of the United States."  *Winter ex rel. United States*, 953 F.3d at 1114 (citing 31 U.S.C. § 3730(b)).  Thomas does not specify which FCA provision he is suing under.  But he has not brought this suit on behalf of the United States, and so he cannot sue under the FCA.  As another matter, the Ninth Circuit has held that an individual who is proceeding pro se cannot bring suit on behalf of others, including the government.  *Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1125-28 (9th Cir. 2007); *see also Bennett v. Boy Scouts of Am. Aloha Council #104*, Civ. No. 24-00384, 2024 WL 4721701, at *1 (D. Haw. Oct. 24, 2024) (stating plaintiff could not "prosecute a qui tam action on behalf of the United States" because he had not retained counsel (quoting *Stoner*, 502 F.3d at 1127)).  And although Thomas has moved for the appointment of pro bono counsel in this case, *see* ECF No. 5, even if counsel were to be appointed, the complaint would still not state a claim under the FCA because it

was not brought on behalf of the government and lacks a sufficient factual basis.  The

complaint alleges only that Defendants "falsified [Thomas'] medical records, by saying

the[y] gave test they did not do," ECF No. 1, at PageID.4, but it does not allege what

that test was, nor does it explain how that conduct defrauded the government.  Thomas'

FCA claim is therefore DISMISSED without prejudice.

Third, the Health Insurance Portability and Accountability Act, or HIPAA,

governs the "electronic transmission of certain health information."  *Webb v. Smart Doc.

Sols., LLC*, 499 F.3d 1078, 1083-84 (9th Cir. 2007) (cleaned up).  It does not create a

"private right of action" under which Thomas can sue, *id.* at 1081; for that reason, the

HIPAA claim is DISMISSED with prejudice.

Finally, 42 U.S.C. § 1983 provides a mechanism by which a plaintiff might

enforce individual rights "'secured' elsewhere, *i.e.,* rights independently 'secured by the

Constitution and laws' of the United States."  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285

(2002) (quoting 42 U.S.C. § 1983).  A plaintiff cannot, however, "go into court and claim

a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything."

*Id.* (cleaned up).  Instead, to state a claim under 42 U.S.C. § 1983, a plaintiff must

(1) allege a violation of a separate "right secured by the Constitution and laws of the

United States," and (2) "show that the alleged deprivation was committed by a person

acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  A § 1983 claim

requires the alleged injury to be "caused by 'state action' and not by a merely private

actor, against whom tort remedies may be sought in state court." *Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir. 2000).

Here, while the complaint broadly references a "civil rights violation," ECF No. 1, at PageID.3 (capitalizations omitted), it does not explain what civil right Thomas is alleging was violated. Nor does it allege that any action was taken under the color of state law, which is required for a § 1983 action. Thomas' § 1983 claim is therefore DISMISSED without prejudice.

For these reasons, the complaint fails to state any claim for relief.

**C.    Thomas' Motion for Appointment of Pro Bono Counsel**

Thomas separately filed a motion for appointment of pro bono counsel. ECF No. 5. Civil litigants do not have a constitutional right to counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). But pursuant to 28 U.S.C. § 1915(e)(1), the court may, in its discretion, appoint counsel for indigent civil litigants where "exceptional circumstances" exist. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To make a finding of "exceptional circumstances," the Court must evaluate "the likelihood of the plaintiff's success on the merits" and "the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." *Id.* (cleaned up). "Difficulties that any litigant proceeding pro se would face" do not constitute "exceptional factors." *Hopkins v. Rsch. Corp. of Univ. of Haw.*, Civ. No. 19-00054, 2019 WL 1292290, at *2 (D. Haw. Mar. 20, 2019) (cleaned up).

Here, Thomas states that he "[c]alled multiple lawyers and they denied my right to affective [sic] counsel," that he is an "Army Veteran that deserves justice and no law firm will help," and that he is "critically injured and was suppose[d] to be hospitalized." ECF No. 5, at PageID.19. Given the identified deficiencies in the complaint, at this point in the case, it is too early to find that Thomas' claims are likely to succeed. And on the current record, the Court does not find that any other exceptional circumstances exist. Thomas' motion for appointment of counsel is therefore DENIED without prejudice to Thomas filing another request after the complaint passes screening, if it indeed does so.

<u>CONCLUSION</u>

For the foregoing reasons, the Court:

(1)      GRANTS the IFP application, ECF No. 2;

(2)      DISMISSES the complaint, ECF No. 1; namely, it dismisses the False Claims Act (FCA) claim, 42 U.S.C. § 1983 claim, and any tort claims, including those brought under the Federal Tort Claims Act (FTCA), without prejudice, and dismisses the Health Insurance Portability and Accountability Act (HIPAA) claim with prejudice; and

(3)      DENIES the motion for appointment of pro bono counsel, ECF No. 5.

The Court DEFERS decision, at this time, on the question of whether Thomas should be granted leave to amend. If Thomas wishes to continue pursuing this action,

he must submit a letter to the Court seeking leave to amend by no later than May 8, 2025.  In any such letter, Thomas must:

(1)    identify the claims he still wishes to pursue, and

(2)    supplement his factual allegations to address the deficiencies that have been identified in this Order.

Thomas should clearly and thoroughly describe the facts that support his claims, and not merely rely on conclusory assertions.  Thomas is cautioned that he may not seek to add any new claims without explaining how they relate to those asserted in the original complaint, and that he may not seek leave to amend the HIPAA claim.  Thomas is further cautioned that if his letter fails to address the identified deficiencies, his action will be dismissed without leave to amend.  Moreover, if Thomas does not file a letter requesting leave to amend by May 8, 2025, this case will be automatically dismissed.

IT IS SO ORDERED.

DATED:  April 8, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 25-00118 MWJS-KJM; *Miles Thomas v. Thomas Williams*, et al.; ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, DISMISSING COMPLAINT, DEFERRING DECISION ON LEAVE TO AMEND, AND DENYING MOTION FOR APPOINTMENT OF PRO BONO COUNSEL